IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LOPEZ, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 7:18-cv-231 |
| BIRD ELECTRIC ENTERPRISES, LLC | § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Christopher Lopez ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members" herein) (Named Plaintiff and Class Members are collectively referred to herein as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. He shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant Bird Electric Enterprises ("Defendant") violated the FLSA by failing to pay its electricians in accordance with the guarantees and protections of the FLSA. Defendant failed and refused to pay its electricians, including foremen and general foremen, at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek by knowingly permitting and intentionally failing to pay their electricians for compensable travel time and compensable preparatory and concluding work. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies, Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Named Plaintiff Christopher Lopez is an individual who resides in Ector County, Texas and was employed by Defendant within the meaning of the FLSA. Named Plaintiff Lopez was employed by Defendant from approximately June 2014 to December 2016 and from approximately June 2017 to November 2017. He has consented to be a party-plaintiff in this action and his consent form is attached hereto as "Exhibit A."

4. Named Plaintiff worked in Defendant's Department 16 and in Defendant's Department 22. The Named Plaintiff and Class Members are Defendant's current and former electricians, including foremen and general foremen, who worked as such for Defendant in Defendant's Departments 16 and/or 22.[1]

5. Defendant Bird Electric Enterprises, LLC is a Texas limited liability company that is authorized to do business in Texas and that is doing business in Texas. Defendant maintains its principal

---

[1] There is a related lawsuit pending in this Court, *Guajardo v. Bird Electric*, Cause No. 7:18-cv-00025-DC. In that case, the Court has conditionally certified a class of electricians who have worked in Department 16 only. (Dkt. Nos. 12 and 38). The scope of the putative class in this matter excludes those electricians who worked only in Department 16 and who have consented to be a party-plaintiff in the *Guajardo* case.

**Plaintiffs' Original Complaint**                  **Page 2**

office in Eastland, Texas, and it may be served with process by service on its registered agent for service, Darren L. Miles, 8787 Interstate 20, Eastland, Texas 76448.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue is proper in the Midland Division of the United States District Court for the Western District of Texas. All or a substantial part of the events forming the basis of this suit occurred in Midland County, Texas, which is in this District and Division. Named Plaintiff was an employee of Defendant, and performed work for Defendant, in Midland County, Texas. Defendant does business and maintains an office in Midland County, Texas. Defendant is subject to this Court's personal jurisdiction with respect to this civil action. Defendant thus resides in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

8. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29

U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

13. Defendant is an electrical company that designs, constructs, maintains, and restores electric power infrastructure for the complete electric supply chain. It provides electrical services across the Permian Basin, including in Midland County.

14. Named Plaintiff worked as electrician for Defendant. Named Plaintiff Lopez worked for Defendant in its Department 16 from June 2014 to December 2016. Lopez worked for Defendant in its Department 22 from June 2017 until November 2017.

15. In the performance of their work, Plaintiffs handled tools and other materials that were manufactured outside of the State of Texas and outside of the State of New Mexico.

16. Named Plaintiff was employed by Defendant as an electrician at Defendant's worksites in and around the Permian Basin, including Midland County, Texas.

17. For all times relevant to this action, as electricians, the Plaintiffs' primary job duty for the Defendant has been the performance of manual, non-management work. The Plaintiffs' primary

job duty is not the performance of office, or non-manual work directly related to Defendant's management or general business operations, or those of its customers.

18. Rather, Plaintiffs spend most of their time performing manual tasks outside at jobsites, including in the oilfields, such as (1) installing electrical pipes; (2) inspecting and maintaining equipment and electrical transmission systems; (3) monitoring electrical machinery; (4) operating machinery; and (5) collecting and relaying data to supervisors for analysis. The job duties of the electricians at each of the Defendant's locations was and is essentially the same. As a result, each electrician performed the same or similar job duties throughout Defendant's operations.

19. Defendant assigned work to groups of electricians lead by an electrician dubbed a "foreman." Those foremen in turn reported to general foremen. Like the other electricians, the foremen and general foremen were not paid on a salary basis but was instead paid by the hour.

20. Defendant did not pay Named Plaintiff or Class Members on a salary or a fee basis pursuant to 29 C.F.R. §541.600. Instead, Defendant paid Named Plaintiff and Class Members an hourly wage.

21. Named Plaintiff and Class Members worked long hours. The electricians typically work six days per week (Monday-Saturday), eight to twelve hours per day and sometimes more. Thus, during all times relevant to this action, in weeks in which they work, Plaintiffs typically worked more than forty hours per week.

22. Named Plaintiff and Class Members were required to start their work day by meeting at Defendant's shop (sometimes called a yard) before traveling to the job site. Once they arrived at the shop, Named Plaintiff and Class Members commenced working, including selecting and loading tools, materials, and equipment that they would need for the day's work as well as gathering the other electricians. At times, Plaintiffs also attended safety meetings at the shop prior to driving to the worksite for the day. After performing this work (the "Yard Work") at the

Defendant's shop, Plaintiffs would then typically consolidate into one or more vehicles and drive to the worksite. When they arrived at the jobsite, Plaintiffs frequently performed additional preparatory work before starting work, such as filling out forms, including Job Safety Analysis (JSAs) Better Behavioral Safety (BBSs), and moving equipment and materials and filling out forms, invoices, and tickets. The Plaintiffs could not have performed their work at the Defendant's customers' job sites without having selected and loaded the necessary tools, materials, and equipment or completing the preparatory work on the jobsite.

23. When the work at the jobsite ended for the day, sometimes after 6:00 p.m., or later, Plaintiffs drove back to the shop, where they continued to perform the work of filling out forms, tickets, and invoices and unloading the tools, materials, and equipment. Plaintiffs would then disperse back to their temporary or permanent residence for the night.

24. In short, Plaintiffs performed work that was integral and indispensable to their primary activities upon arriving at the shop and before leaving the shop for the worksite, and they continued performing work that was integral and indispensable to their principal activities upon their return from the worksite.

25. On average, Plaintiffs spent roughly 10-20 hours per week work at the yard and driving to and from the worksite ("Drive Time"). Defendant did not compensate Plaintiffs for any of this time.

26. Defendant had a policy and practice of failing and refusing to pay Named Plaintiff and Class Members for anything other than the work performed at the customers' jobsites.

27. As a result, Defendant failed and refused to pay Named Plaintiff and Class Members for their Yard Work or Drive Time.

28. Defendant's vehicles are equipped with GPS monitoring. Defendant was aware that Plaintiffs were performing work outside of their recorded hours. But Defendant did not and does not compensate

Named Plaintiff or Class Members for any Drive Time between the Defendant's shop and the job sites. As a result, Defendant failed and refused to pay Named Plaintiff and Class Members for all overtime hours they worked.

29. Defendant had notice that Plaintiffs expected to be paid for their Yard Work and Drive Time. Plaintiffs communicated with their managers about the Yard Work and Drive Time but were repeatedly told that Defendant would not pay for this time because the customer did not pay for anything other than time at the customer's job site.

30. Because, as indicated above, compensable Yard Work and Drive Time occurred in weeks where Plaintiffs were working more than forty hours, Defendant wholly failed to pay Plaintiffs at all, much less at an appropriate overtime rate, for the Yard Work and Drive Time.

31. Defendant has employed and is employing other individuals as electricians who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties, and have consistently worked in excess of forty hours in a workweek and have been denied pay for Yard Work and Drive Time and thus overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay.

32. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and the Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

33. Named Plaintiff and the Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of, an electrician in Defendant's worksites in Texas and New Mexico. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were all paid on an hourly basis but were not compensated at the

rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek. More specifically, Defendant knowingly refused to pay Named Plaintiff and the Class Members for their Yard Work and Drive Time. Thus, the Class Members are owed unpaid overtime for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

34. Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of refusing to pay its electricians for Yard Work and Drive Time. This policy or practice is/was applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former electricians, including foremen and general foremen, of Defendant who have worked in Defendant's Departments 22 or 16 who were paid by the hour in the last three years.**

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

35. During the relevant period, Defendant violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendant has acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit);

b. For an Order awarding Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees; and

d. For an Order awarding Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746

        Tel: (512) 782-0567
        Fax: (512) 782-0605

        By: */s/ Daniel A. Verrett*
            Daniel A. Verrett
            Texas State Bar No. 24075220
            daniel@morelandlaw.com

Edmond S. Moreland, Jr.
State Bar No. 24002644
edmond@morelandlaw.com
700 West Summit Drive
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 - telecopier

**ATTORNEYS FOR PLAINTIFF**